**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**CHELSEA L. DAVIS**

**v.**

**MCKOOL SMITH P.C., SAMUEL F. BAXTER,
LESLIE D. WARE, HARLAN R. CROW,
STATE BAR OF TEXAS, HON. JAMES
MARTIN, HON. EMILY TOBOLOWSKY,
HON. DONALD TURNER, HON. JILL WILLIS,
DONALD COLLELUORI, ANGELINE BAIN,
BRIAN S. LIDJI**

|  |  |
|---|---|
| | **Sealing Action No.**_____ |
| | **SEVERED FROM CASE NO.** |
| | **3:14-CV-4190-B** |

TO THE HONORABLE COURT:

**INTERVENOR PLAINTIFF CHELSEA DAVIS'S THIRD PETITION TO DENY
SEALING, TO UNSEAL AND TO STRIKE INTERVENOR DEFENDANT'S PETITION
TO SEAL**

COMES NOW, INTERVENOR PETITIONER Chelsea L. Davis ("Chelsea Davis"), who

hereby provides her PETITION TO DENY SEALING AND TO UNSEAL to the extent she is

not enjoined from filing documents in this Court and PETITION TO STRIKE forthcoming

Petition/Non-Motion To Seal. The sealing matter is and/or is to become a separate civil action

apart from the merits so as not to divest the district court of original jurisdiction to enter an

award of monetary damages after commencement of underlying case upon severance from the

grievance investigation, upon severance from commencement of de novo review in district court

after grievance investigation concludes, and/or upon dissolution of preliminary anti-suit

injunction.

## TABLE OF CONTENTS

**I.  Intervenor Chelsea Davis's Petition To Strike Forthcoming Petition To Seal and Appendix Thereto For Improperly Including Statements On the Merits, For Lack of Standing and Because the Petition To Seal Will Be Presented For an Improper Purpose..........3**

    A.  The Legal Standard Requires Severance In Every Case Between the Underlying "Case" On the Merits And A Separate Sealing Action.............3

    B.  The Confidentiality Agreement Between Chelsea Davis and the State Bar of Texas, To Which McKool Smith P.C. Is Not A Party, Does Not Control In This "Case"............4

    C.  There Is No Common Fact Or Law Between the Grievance Proceeding And The Underlying "Case" On the Merits, Which Is Severed From This Sealing Action In This Court Just As the Sealing Action In That Court Is Severed From the Underlying "Case" On the Merits By Rule of Law................6

    D.  Intervenor Petitions To Strike Forthcoming Petition To Seal Because Intervenors Lack Standing To Bring Such Motion..............7

    E.  Intervenor Petitions To Strike Forthcoming Petition To Seal Because It Will Fail To Meet the Substantive and Procedural Requirements of a Petition To Seal Court Records - It Fails To Present Evidence In Support of Factors and Fails To Apply a Balancing Test......................7

    F.  Intervenor Petitions To Strike Forthcoming Petition To Seal Because It Is Presented For an Improper Purpose..............8

**II.  Intervenor Chelsea Davis's Petition To Deny McKool Smith P.C., Samuel Baxter, and/or State Bar of Texas's Forthcoming Petition To Seal and Petition To Unseal.............11**

    A.  As a Threshold Matter, the Documents Are Court Records Or Will Become Court Records Upon Dissolution of the Anti-Suit Injunction.................11

    B.  Chelsea Davis Will Move To Seal Certain Documents And Will Move For A Discovery Protective Order..................12

    C.  McKool Smith P.C. and Samuel Baxter Fail To Meet Their Burden of Proof Under Tex. R. Civ. P. 76(a)...............13

        1.  *Interest In Privacy For Published Information....13*

        2.  *Interest In Professional Reputation, Trade Secrets and Attorney-Client Privilege......................16*

        3.  *Interest In Confidentiality Agreement...........17*

        4.  *Interest In Criminal Allegations Related To Sexual Misconduct and Sexual Misconduct Outside of the Marriage...........17*

        5.  *Interest In Medical Records...............19*

        6.  *Balancing Test and Failure To Meet Burden To Show No Less Restrictive Means........................19*

**III.  This Court Must Issue Ruling ONLY On This Petition To Deny Sealing Court Records, Intervenor Defendant's Answer and Arguments Thereon......20**

I.   **Intervenor Chelsea Davis's Petition To Strike Petition To Seal and Appendix Thereto For Improperly Including Statements On the Merits, For Lack of Standing and Because the Petition Will Be Presented For an Improper Purpose**

Chelsea Davis is prevented from accessing the entire record, but it appears that all allegations made by McKool Smith P.C. and the State Bar of Texas in their petitions to seal, complaints and in the grievance investigation are false, have been proven false and have been denied.  The allegations are not only irrelevant to sealing, but they are inadmissible for purposes of a Petition To Seal.  Intervenor Chelsea Davis hereby petitions to strike the Petition To Seal as a whole because it fails to comply with the substantive and procedural requirements for a Petition To Seal court records, which require application of a balancing test and forbid consideration of the merits of the underlying "case". In addition, McKool Smith P.C. and the State Bar of Texas, as Intervenor Defendants, lack standing to file their to petition to seal court records, and their petition is presented for an improper purpose to enjoin the underlying "case" and deprive this Court of jurisdiction to enter monetary damages.

A.   **The Legal Standard Requires Severance In Every Case Between the Underlying "Case" On the Merits And A Separate Sealing Action**

Sealing court records requires courts to perform a balancing test.  Courts have recognized that the public has a common law right to inspect and copy judicial records. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978); *Belo Broadcasting Corp. v. Clark,* 654 F.2d 423, 429 (5th Cir.1981).  The law requires this Court to perform a balancing test in deciding whether to seal Court records.  "Because the district court failed to balance the public's right of access to judicial records against the interests favoring nondisclosure, the district court abused its discretion in sealing...." *SEC v. Van Waeyenberghe,*

3

990 F.2d 845, 850 (5th Cir. Tex. 1993).   Although the common law right of access to judicial records is not absolute, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Federal Savings & Loan Ins. Corp. v. Blain,* 808 F.2d 395, 399 (5th Cir. 1987).

Rule 76a of the Texas Rules of Civil Procedure clearly presents the requirements for state courts to seal court records, which are similar to federal common law and require a similar balancing test. *See* TEX. R. CIV. P. 76a.  Under Rule 76a, the Sealing Action is severed from the "case" on the merits.  *Id.*  No court (other than Judge Tobolowsky for temporary purposes until a full sealing hearing could be held, which was never held) has yet applied any balancing test and McKool Smith P.C. has not yet argued any serious, substantial interest in detail as is required in state and federal court. They have only attempted to argue the merits, which is improper.

Chelsea Davis uses the term "case" in quotation marks because it appears a case may not be made in any court and no court officer may take any action with respect to any proceeding until the anti-suit injunction is dissolved. Because of the grievance investigation, which began on or before August 28, 2013, a motion for anti-suit injunction may have been presented to the federal court on that date such that no proceeding could be made or proceed after that date until the automatic preliminary injunction is dissolved or the grievance investigation concludes, which has not yet concluded.

**B.**  **The Confidentiality Agreement Between Chelsea Davis and the State Bar of Texas, To Which McKool Smith P.C. Is Not A Party, Does Not Control In This Case**

While courts may sometimes seal certain court records based on a confidentiality agreement between the parties, like unfiled discovery documents, there is no such agreement

here. To the extent, if any, McKool Smith P.C. and Samuel Baxter allege such an agreement, the agreement they are alleging is an agreement between Chelsea Davis and the State Bar of Texas based on her law license. The State Bar of Texas agrees to seal all grievance investigations of legal malpractice.  Samuel Baxter's attorney Angeline Bain, who is on the grievance committee for the State Bar of Texas, appears to have presented that agreement (between the State Bar of Texas and Chelsea Davis as a licensed attorney) to seal all documents in a grievance investigation because such investigations are ordinarily required to be sealed even from Chelsea Davis and may be sealed without due process because they are not proceedings accorded any finality. The proceeding was court-ordered to be called "*Chelsea L. Davis v. Leslie D. Ware and Samuel F. Baxter*," by Judge Emily Tobolowsky, who entered an order to stay the "case" on the merits for all purposes against McKool Smith P.C. and then may have transferred all petitions that Chelsea Davis files to the court handling the grievance investigation for consolidation into the grievance investigation as a means to prevent Chelsea Davis from ever commencing a lawsuit and from obtaining monetary damages in state court. Judge Emily Tobolowsky has since sua sponte recused herself.  McKool Smith P.C. sought transfer and consolidation of Chelsea Davis's civil complaint for making a civil lawsuit against McKool Smith P.C. in state court into the grievance McKool Smith P.C. filed against Chelsea Davis's law license for allegedly stalking Leslie Ware. That is the most disgusting strategy of avoiding litigation I have ever seen, but the courts and the State Bar of Texas seem to be enabling McKool Smith P.C. so far.

**C.   There Is No Common Fact Or Law Between the Grievance Proceeding And The Underlying "Case" On the Merits, Which Is Severed From This Sealing Action In This Court Just As the Sealing Action In That Court Is Severed From the Underlying "Case" On the Merits By Rule of Law**

With respect to the grievance proceeding, Chelsea Davis initially requested district court

but has since timely requested an evidentiary panel, not district court, to the extent there is any finding of just cause to discipline her. The disciplinary proceeding is not a lawsuit, and this Court cannot transfer, consolidate or remand Chelsea Davis's "case" into a grievance abyss. There does not appear to be any authority for this Court to stay this "case" or enjoin this "case" based on McKool Smith P.C.'s filing of a grievance complaint alone against Chelsea Davis's law license, but that is what continues to happen based on presentment of a motion for anti-suit injunction couched as a motion to seal. McKool Smith P.C.'s grievance complaint was based on stalking Leslie Ware, something of which McKool Smith P.C. has absolutely no personal knowledge of and for which McKool Smith P.C. lacks standing to file a grievance. Furthermore, Chelsea Davis was no billed and released for stalking because there was never any just cause or probable cause to arrest her.

The ongoing grievance investigation should have no bearing on whether the newly filed lawsuit may be made because it names the State Bar of Texas as a defendant and no bearing on whether this lawsuit, to the extent it is made, should be sealed or not. There is no fact or law in common between the grievance complaint and the underlying "case." Also, Judge Tobolowsky's temporary sealing order and proposed order of sanctions, after staying the "case" on the merits, and more than thirty days after she appears to have ordered transfer and consolidation of the civil "case" and grievance proceeding, has no effect on the merits and is severed under Tex. R. Civ. P. 76a from that "case" on the merits. The Sealing Action in this Court is also severed from the underlying "case" on the merits by rule of law.

Such improper maneuvering must not be tolerated in this federal court. The grievance complaint filed against Chelsea Davis by McKool Smith P.C. and being investigated by the State

Bar of Texas should have no bearing on her civil right to file a lawsuit against McKool Smith

P.C., which has no fact or law in common with the grievance complaint and will by rule of law

be severed from the Sealing Action in that court (once it gets to a court for de novo review) just

as this Sealing Action is severed from the underlying "case" in this Court.

    **D.**    **Intervenor Chelsea Davis Petitions To Strike Forthcoming Petition To Seal Because McKool Smith P.C. and/or the State Bar of Texas Lack Standing To Bring Such Petition**

McKool Smith P.C. and/or the State Bar of Texas lack standing until they complete a

waiver of service of process form as Defendants, are served with summons and complaint,

making them Defendants, or pay the fee to intervene as intervenors.  At this time, the Court may

strike their motion for lack of standing to file the motion or delay ruling on the permanent

Petition To Seal until these requirements are met. Chelsea Davis has served McKool Smith P.C.

through its shareholders and registered agent Gary Eden simultaneously with summons and

complaint by email, facsimile and/or U.S. mail.

    **E.**    **Intervenor Chelsea Davis Petitions To Strike Forthcoming Petition To Seal Because It Will Fail To Meet the Substantive and Procedural Requirements of a Petition To Seal Court Records - It Will Fail To Present Evidence In Support of Factors and Fail To Apply a Balancing Test**

The Petition To Seal in this Court fails to meet the substantive and procedural

requirements to obtain a permanent sealing order by failing to apply a balancing test and by

improperly arguing a lack of merit in support.  Under Tex. R. Civ. P. 76(a)(8), the Petition To

Seal creates a separate "Sealing Action" which is independent of the "case" on the merits and

severed from the "case" on the merits.  Accordingly, when entering a sealing order, this Court

must not base its ruling on the original petition in this "case" or the original petitions in any other

7

"case".  The merits cannot be considered, and any document that attempts to introduce the merits into the separate Sealing Action must be stricken from the Sealing Action.

This document may be deemed the initiating document in the Sealing Action and it is deemed to precede all other documents in the Sealing Action, which is deemed commenced subsequent to commencement of underlyiing "case" and subsequent to service of summons and complaint on McKool Smith P.C., but not on Chelsea Davis. Discovery may be conducted in the Sealing Action apart from the "case" on the merits.  I hereby move to strike the emergency Petition To Seal for failure to follow the substantive and procedural requirements for filing a Petition To Seal court records and for improperly arguing lack of merit.

### F.      Intervenor Chelsea Davis Petitions To Strike Forthcoming Petition To Seal Because It Is Presented For an Improper Purpose

Chelsea Davis also petitions to strike the Petition To Seal because it is presented for an improper purpose to delay and avoid litigation.  Instead of appearing in open Court and following the rules for civil litigation, McKool Smith P.C. continues to avoid litigation altogether by using various "motions" to seal, "motions" to consolidate and "motions" to transfer, thereby obtaining a preliminary anti-suit injunction against Chelsea Davis in one court and then a transfer to a different court that may lack authority to lift the injunction entered in the first court.  In this way, McKool Smith P.C. delays litigation and avoids litigation on the merits.  This may be the reason for the most recent sua sponte recusal by Emily Tobolowsky and order to transfer to a different court, which may lack authority to lift the stay of the first "case" on the merits.  The procedural maze has become so complex that it may take several moves backward to undo each and every preliminary injunction that McKool Smith P.C. appears to have obtained in order to move forward for the first time on the merits. Enough is enough. This Court must take the first

step toward untangling this procedural maze by dissolving any order to seal and anti-suit injunction and requiring all motions for injunctive relief that have been presented to a magistrate judge to be filed electronically so that they may be denied by the presiding judges. Plus, McKool Smith P.C. appears to be presenting motions in the U.S. District Court for the Eastern District of Texas without providing proper notice to Chelsea Davis, which constitutes sanctionable misconduct and improper ex parte communications with the court. Chelsea Davis objects to all of the additional counsel listed below acting as counsel on behalf of the State Bar of Texas.

McKool Smith P.C. and/or the State Bar of Texas's Petition To Seal is also presented for the improper purpose of preventing Chelsea Davis from filing documents, avoiding service of process and denying Chelsea Davis due process. If the "case" stays online, every document that Chelsea Davis files electronically is served upon filing under the Local Rules of the Eastern District of Texas because she is a pro-se litigant. Once the "case" is offline and not available on Pacer under Chelsea Davis's attorney account, it becomes impossible for Chelsea Davis to file documents electronically as a pro-se attorney under the rules. Pro-se litigants must file into sealed cases on paper, but attorneys must file into sealed cases electronically. If the "case" is sealed, she cannot access it online using her attorney account, and she was not permitted to have two pacer accounts by the Northern District of Texas until Nov. 24, 2014 and still is not permitted to have two accounts in the Eastern District of Texas. As a result, she would be prevented from filing documents electronically in her own "case." She would be required to drive to the courthouse every time she wanted to file a document and then she may need to mail copies of every document to the twenty-something constantly-changing number of different law

firms retained by McKool Smith P.C. et al and unknown investigators of the State Bar of Texas to serve the documents.  Still, the Court may not accept her paper filing because she is an attorney.

The lawyers McKool Smith P.C. et al have hired have already played numerous games to avoid service of process by turning their fax machines on and off and providing false mailing addresses. Chelsea Davis has spent a fortune hiring process servers, but the lawyers continue to have their front desk managers tell the process servers that they are not in their offices.  Chelsea Davis's three bedroom house is not big enough to hold all the paper that will be generated by this "case" if it is taken offline. She can already fill a box truck with all of the evidence she has against defendants in the underlying "case". It is simply impractical to keep up with twenty-something certified mail proofs of mailing for every document. Even if she were able to keep up with every proof of mailing, before this case is over, McKool Smith P.C. will attempt to consolidate it with another case and allege that no documents have been served because the document was not served as to the consolidated defendants and every law firm hired and added by the consolidated defendants.  McKool Smith P.C. et al's plan to avoid liability based on technicalities of filing and service of process is weak. Their plan to deny Chelsea Davis due process by consolidating "cases" in which she is owed due process into an investigation in which she is denied due process is unlawful. This Court must not enable McKool Smith P.C. et al intervenors to manipulate the judicial system in this way and deprive Chelsea Davis of due process.  Accordingly, the "docket" to the extent it exists must not be sealed. If it is sealed and thereby consolidated with the grievance investigation, then the "docket" is not yet a docket and this "case" is not yet a case.

There is nothing in the record to suggest that Chelsea Davis should be prohibited from representing herself, and this Court must not deprive Chelsea Davis of her Constitutional right to a jury trial just because she is an attorney.  The local and unwritten rules of the Northern District of Texas which prevent Chelsea Davis from accessing her own "case" online and filing documents online are unconstitutional and unreasonably interfere with her Constitutional right to a jury trial and her civil rights. It is also unconstitutional for the State Bar of Texas to intervene in her civil lawsuits, causing the proceedings to be sealed even from her, depriving her of due process and for the State Bar of Texas to enter an order extending all deadlines for itself to find just cause to discipline Chelsea Davis, although it is appropriate that the State Bar of Texas has ordered extension of all deadlines for Chelsea Davis to respond in all proceedings. Chelsea Davis provides her objections as stated herein to the Constitutionality of the sealing, stay, transfer and consolidation procedures implemented so far.

McKool Smith P.C. and Samuel Baxter have not provided any of the facts or arguments required to support factors in a balancing test to permit this Court to seal court records other than a blanket assertion of privacy interest and reputational interest.

**II.    Intervenor Chelsea Davis Petitions To Unseal or To Deny McKool Smith P.C. and/or the State Bar of Texas's Forthcoming Petition To Seal as Intervenor Defendant**

***A.    As a Threshold Matter, the Documents Are Court Records Or Will Become Court Records Upon Dissolution of the Anti-Suit Injunction***

The Documents in question, including Chelsea Davis's complaint and this petition, as amended, are Court Records.  As a threshold determination, before a trial court decides whether a Tex. R. Civ. P. 76a hearing and order are necessary, it must determine whether the documents in question are "court records." *See Roberts v. West*, 123 S.W.3d 436, 438, 2003 Tex. App.

LEXIS 7426, 1 (Tex. App. San Antonio 2003). The party opposing a sealing order has the burden to show the documents are "court records."

The docket itself is a court record as well as the documents, and the docket may not be sealed either.  McKool Smith P.C. has never provided any reason for sealing other than its desire for injunctive relief against Chelsea Davis and an alleged agreement between parties other than Chelsea Davis, which is absurd.  Chelsea Davis has not agreed to any confidentiality order.  The confidentiality agreement she signed as an employee is overly broad and should only cover confidentiality of attorney-client privileged information and McKool Smith P.C.'s trade secrets, which she may or may not be violating by the bringing of this lawsuit. Any violation of attorney-client privilege is excusable under the crime-fraud exception.  There is no support for maintaining the confidentiality of the facts presently in this "case" (to the extent an injunction does not enjoin her from presenting facts in and instituting this case). However, if an anti-suit injunction was issued in the State Bar of Texas grievance proceeding and/or in the U.S. District Court for Eastern District of Texas, then this proceeding may not yet exist.

Chelsea Davis will request discovery on matters of public health, including HIV test results.  Chelsea Davis plans to file a motion to compel discovery. "None of the three exceptions to Tex. R. Civ. P. 76a(2)(a) exclude a motion to compel from inclusion within the definition of documents of any nature filed in connection with any matter." *Cortez v. Johnston*, 378 S.W.3d 468, 469, 2012 Tex. App. LEXIS 7454, 1,2012 WL 3791451 (Tex. App. Texarkana 2012) (citing Tex. R. Civ. P. 76a(2)(a)).   "Tex. R. Civ. P. 76a(2)(c) specifically incorporates within the definition of "court records" such unfiled discovery which concerns matters that have a probable adverse effect upon the general public health or safety, or the administration of public office, or

the operation of government." *Id.* at 469.   "[T]he court records included all papers filed with the District Clerk and all exhibits offered or admitted into evidence during the course of hearings." *Roberts v. West*, 123 S.W.3d 436, 442, 2003 Tex. App. LEXIS 7426, 15 (Tex. App. San Antonio 2003).

Chelsea Davis's original petition, as amended, discovery requests and motions filed with the Court are "court records" for which no party has yet shown any sufficiently serious interest to permit this Court to permanently seal all documents, which are or will become court records upon dissolution of the anti-suit injunction.

**B.      Chelsea Davis Will Move To Seal Certain Documents And Will Move For A Discovery Protective Order**

Chelsea Davis herself, however, requests sealing of unfiled discovery documents because such documents include nude photographs of Chelsea Davis and Samuel Baxter.   Sealing the photographs and certain other court records must be sealed to protect the privacy interests of persons, but there are many less restrictive means of protecting privacy interests than sealing the entire "docket" and every document in the "case," preventing Chelsea Davis from accessing her own "case," which amounts to an anti-suit injunction.

**C.      Intervenor Defendants McKool Smith P.C. and/or the State Bar of Texas Fail To Meet Their Burden of Proof Under Tex. R. Civ. P. 76(a)**

**1.      Interest in Privacy For Published Information**

Samuel Baxter (and/or his counsel) merely states he has an interest in his privacy and professional reputation period. He has never elaborated. His motion does not say he is former district court judge in the State of Texas with retired status and former district attorney in Harrison County. He does not say he is known as the best intellectual property litigator in the

United States and a shareholder at the most successful law firm in the United States. He does not

say that Harlan Crow is the largest real estate developer in the United States or that Harlan Crow

is a billionaire business mogul with any reputation in Texas or in the United States. He does not

say that three sitting district court judges were named as Defendants on the Original Petition as

filed.

The Appendix relates to an anti-suit injunction, not to a serious substantial interest in

support of the requirements for sealing under Tex. R. Civ. P. 76a or under federal common law.

Privacy in some instances is a category of protected interest of an individual on which free

speech may be restrained, but merely asserting that information (this lawsuit as a whole) falls

within one of the categories of substantial interest will not sustain a sealing order.  A balancing

test must still be applied.

The Texas Supreme Court has recognized the right of privacy as the right of an *individual*

to be left alone, to live a life of seclusion, and to be free from unwarranted publicity." Other

jurisdictions, the *Restatement (Second) of Torts,* and commentators agree that a corporation has

no personal right of privacy.  This does not suggest that a corporation cannot protect a legitimate

interest in confidentiality, but only that privacy analysis is not to be employed.

An individual may enjoy a privacy right, but that right must still overcome the balancing

test in Tex. R. Civ. P. 76a(1) -- an inquiry that begins with a presumption of openness.  Of

course, for one to have a claim to privacy, the information must in fact be private. Information

that is already disseminated is no longer private.

**2.      Interest In Professional Reputation, Trade Secrets and Attorney-Client Privilege**

14

Samuel Baxter does not mention protection of trade secrets of the company McKool Smith P.C. or protection of attorney-client privilege. Chelsea Davis signed a very broad confidentiality agreement when she began working at McKool Smith P.C.

McKool Smith P.C. and Samuel Baxter did not establish that there was a specific and serious interest in confidentiality. The Court could redact the names of confidential witnesses, like Leslie Ware and Harlan Crow, as investors in and clients of the firm, by naming the suit against initials only or John Does and Jane Does.  They have not argued that initials are insufficient to protect those witnesses' identities. *McAfee, Inc. v. Weiss*, 336 S.W.3d 840, 2011 Tex. App. LEXIS 1916, 39 Media L. Rep. (BNA) 2035 (Tex. App. Dallas 2011).

This Court could seal the action based on attorney-client privilege between the parties, including an attorney, to the extent the client does not waive the attorney-client privilege.  This Court could seal the action based on the attorney-client relationship for which the client holds and has not waived the privilege with respect to trade secret information of the client's business. A balancing test must still be applied for purposes of determining permanent sealing.

### 3.      *Interest In Confidentiality Agreement*

In *McAfee, Inc. v. Weiss,* the Court found no cases recognizing a party's general interest in a confidentiality agreement, even an agreement reinforced by an arbitrator's rules and orders, as a specific, serious, and substantial interest within the meaning of Tex. R. Civ. P. 76a(1); the relevant case law indicates that the interest relied on must be more specific than that. *McAfee, Inc. v. Weiss*, 336 S.W.3d 840, 2011 Tex. App. LEXIS 1916, 39 Media L. Rep. (BNA) 2035 (Tex. App. Dallas 2011).   A grievance proceeding is more specific than a confidentiality agreement and all grievance proceedings must initially be sealed. Chelsea Davis has filed

grievances against McKool Smith P.C. and its shareholders. McKool Smith P.C. has filed grievances against Chelsea Davis.

### 4.    *Interest In Criminal Allegations Related To Sexual Misconduct; Sexual Misconduct Outside of the Marriage and Family Relationships*

Criminal allegations related to sexual misconduct are of legitimate public concern, so publication of these allegations do not violate an individual's right to privacy.  In such a case, even documents protected from disclosure under canon law may be made public. *Nguyen v. Dallas Morning News, L.P.*, 2008 Tex. App. LEXIS 4606, 36 Media L. Rep. 2432 (Tex. App. Fort Worth June 19, 2008).

Protection of trafficking victims from abuse is of the utmost importance in Texas. Courts have viewed such documents as legitimate public concern and a trial court's refusal to seal the documents does not violate Samuel Baxter's First Amendment rights to privacy.  *See e.g., In re A.V.*, 113 S.W.3d 355, 361 (Tex. 2003) (recognizing the State's duty to protect the safety and welfare of children); *Golden Spread Council, Inc. v. Akins,* 926 S.W.2d 287, 291-92 (Tex. 1996) (recognizing legislature's strong policy and public's interest in protecting children from abuse).

The Center for Disease Control recognizes the public's interest in protecting persons from the HIV virus and sexually transmitted diseases when offenders intentionally expose victims to the incurable viruses in malicious and reckless disregard of their safety.

In Texas, there is no right to privacy in sexual misconduct outside of marriage and family relationships.  Samuel Baxter is a married individual.  *See City of Sherman v. Henry,* 928 S.W.2d 464, 471-72, 474 (Tex. 1996), *cert denied,* 519 U.S. 1156, 117 S. Ct. 1098, 137 L. Ed. 2d 230 (1997) (holding that neither United States nor Texas Constitutions provide a right of privacy in allegations of sexual misconduct outside of the marriage and family relationships); *Fort Worth*

*Star-Telegram,* 915 S.W.2d at 472, 474-75. "Because of this holding, we need not address the probable adverse effect that sealing would have upon the general public health or safety, or whether less restrictive means than sealing would adequately and effectively protect these two interests." *Id.*

### 5.      Interest In Medical Records

Redactions of medical records are an appropriate and effective way to shield privileged information.  Texas Rule of Evidence 510 provides in pertinent part that "[r]ecords of the . . . diagnosis, evaluation, or treatment of a patient which are created or maintained by a professional are confidential and shall not be disclosed in civil cases." *Id. See Nguyen v. Dallas Morning News, L.P.,* 2008 Tex. App. LEXIS 4606, 36 Media L. Rep. 2432 (Tex. App. Fort Worth June 19, 2008). *See, e.g., R.K. v. Ramirez,* 887 S.W.2d 836, 842-43 (Tex. 1994) (holding that even where, in limited circumstances, medical and mental health privileges yield to discovery, certain other information in documents "remains privileged and must be redacted or otherwise protected"); *Eli Lilly & Co. v. Marshall,* 850 S.W.2d 155, 157, 160 (Tex. 1993) (approving redaction of names in accordance with "compelling public interest considerations").

### 6.      Balancing Test and Failure To Meet Burden To Show No Less Restrictive Means

Opposing counsel failed to apply any balancing test and failed to meet its burden to show no less restrictive means.  *See* Lloyd Doggett & Michael J. Mucchetti, *Public Access to Public Courts: Discouraging Secrecy in the Public Interest,* 69 TEX. L. REV. 643, 678 (1991) ("After establishing that a 'specific, serious and substantial interest' clearly outweighs *both* the openness presumption *and* any probable adverse effect upon the health or safety, a movant must *also* show

that 'no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.'") (emphasis added).

### III.   This Court Must Issue Ruling ONLY On This Petition To Deny Sealing Court Records and McKool Smith P.C. and/or the State Bar of Texas's Answer Hereto

This Court must issue ruling on intervenor's petitions to deny sealing, as amended, to preserve rights to appeal a sealing order. *See Fox v. Wardy,* 224 S.W.3d 300, 303 (Tex. App.--El Paso 2005, pet. denied) (holding issue not preserved where appellant failed to obtain ruling on his motion); *Goodchild v. Bombardier-Rotax GmbH Motorenfabrik,* 979 S.W.2d 1, 6-7 (Tex. App.--Houston [14th Dist.] 1998, pet. denied) (op. on reh'g) (holding that appellant failed to preserve error on motion to compel discovery where trial court never ruled on motion and appellant failed to object to refusal to rule).  I object to state and federal courts' refusals to rule on my motions and objections.

The order that this Court signs in response to this Petition To Deny Sealing court records must not include proposed language of considering the entire record or all exhibits. The order, as required by Tex. R. Civ. P. 76a(6) is entitled "ORDER ON Petition To Seal/Unseal COURT RECORDS" and is specifically on only the petition(s) to seal/unseal court records.  A ruling otherwise is contrary to the rule and would be an unconstitutional injunction as a prior restraint on free speech.

The Appendix and Exhibits must be rejected for purposes of the severed Sealing Action. The agreement between Chelsea Davis and the State Bar of Texas is more than just a confidentiality agreement; it appears to cause a preliminary anti-suit injunction along with motions to seal. "We have found no cases recognizing a party's general interest in a confidentiality agreement—even an agreement reinforced by an arbitrator's rules and orders—as

a specific, serious, and substantial interest within the meaning of Rule 76a(1)." *Clear Channel Communs., Inc. v. United Servs. Auto. Ass'n*, 195 S.W.3d 129, 133, 2006 Tex. App. LEXIS 7, 8-9 (Tex. App. San Antonio 2006). In *In re Dallas Morning News*, the parties entered into a Rule 11 agreement under which the plaintiffs agreed they "would not disclose any documents produced and designated by Kaiser as confidential"; accordingly, the trial court was not asked to, and did not, order the sealing of court records. *Id.* at 298. Any appendix and exhibits are not to be considered in this Court's ruling on the Petitions To Seal/Unseal court records.

## G.      CONCLUSION

Tex. R. Civ. P. 76a(5) provides for a temporary sealing order on motion and notice to any "parties" who have answered in the "case" pursuant to Tex. R. Civ. P. 21 and 21a upon a showing of compelling need from specific facts shown by affidavit or by verified petition that immediate and irreparable injury will result to a specific interest of the applicant before notice can be posted and a hearing held as otherwise provided herein. Issuance of a temporary order shall not reduce in any way the burden of proof of a party requesting sealing at the hearing required by Rule 76a(4), and opposing counsel failed to meet their burden of proof.

This Court must make its written order clear as to the ruling on Petitions To Seal/Unseal court records. Tex. R. Civ. P. 76a contemplates that an appeal will be preceded by a motion, hearing, and order fully disposing of the motion. However, Rule 76a does not condition the right to an appeal on whether there has been a final order sealing court records; rather, it provides for an appeal of any order (or portion of an order or judgment) relating to sealing or unsealing court records and deems such an order a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order. *See Clear Channel*

*Communs., Inc. v. United Servs. Auto. Ass'n,* 195 S.W.3d 129, 130, 2006 Tex. App. LEXIS 7, 1 (Tex. App. San Antonio 2006).

Regarding the adverse impact these actions have on the judiciary, the Texas Attorney General has written: "If there is a public perception that cases can be sealed on the whim of a judge or at the insistence of a prominent individual or powerful corporation, the public's confidence in the judicial decision making process is eroded." Mattox Letter, *supra* note 25, at 1. ARTICLE: Public Access to Public Courts: Discouraging Secrecy in the Public Interest ,69 Tex. L. Rev. 643. *See also* Knight, *Court Business is Public Business,* Denver Post, Nov. 4, 1990, at 1H, col. 1 (claiming that selective use of sealing orders has created "two justice systems" in the Denver District Court, "one for the rich and famous and one for everyone else").

### <u>AFFIRMATIVE DEFENSES</u>

1. Intervenor pleads the following defenses which bar allegations in whole or in part:

   a. Intervenor Plaintiff pleads that the statute of frauds bars allegations.

   b. Intervenor Plaintiff pleads the affirmative defense of accord and satisfaction.

   c. Intervenor Plaintiff pleads the affirmative defense of payment.

   d. Intervenor Plaintiff pleads the affirmative defense of estoppel.

   e. Intervenor Plaintiff pleads the affirmative defense of failure of consideration.

   f. Intervenor Plaintiff pleads the affirmative defense of ambiguity.

   g. Intervenor Plaintiff pleads the affirmative defense of ratification.

   h. Intervenor Plaintiff pleads that Intervenor Defendant failed to satisfy all conditions precedent to any alleged contract or agreement.

   i. Intervenor Plaintiff pleads the affirmative defense of fraud and/or fraudulent

inducement.

j.  Intervenor Plaintiff pleads the affirmative defense of waiver.

k.  Intervenor Plaintiff plead the affirmative defense of illegality and that any alleged contract between the parties cannot be enforced in part because it is contrary to public policy.

l.  Intervenor Plaintiff pleads statute of limitations.

m.  Intervenor Plaintiff pleads the discovery rule.

n.  Intervenor Plaintiff pleads arbitration as a defense with respect to McKool Smith P.C. to a limited extent.

o.  Intervenor Plaintiff pleads duress.

### OBJECTIONS

1.1.  I object to grievance investigation and proceeding.

1.2.  I object to proceeding for lack of finding of just cause.

1.3.  I object to denial of due process rights.

1.4.  I OBJECT to plaintiff(s) being made a party.

1.5.  I OBJECT to defendant(s) being made a party.

1.6.  I OBJECT TO REFERRAL TO A MAGISTRATE JUDGE.

1.7.  I OBJECT TO NOTICE OF REMOVAL where there is no action pending in a state court in the district in which the notice of removal was filed.

1.8.  I OBJECT TO TRANSFER IN from state court in Dallas County to United States District Court in the Eastern District of Texas, where no civil action was pending.

1.9.  I OBJECT to "between the same parties" because there were no "parties."

1.10.        I OBJECT to referral to a magistrate judge where this is a transfer from the United States District Court for the Eastern District of Texas, not State Court in Dallas County, Texas.

1.11.        I OBJECT to venue.

1.12.        I OBJECT to being named a Defendant.

1.13.        I OBJECT to summonses and lack thereof.

1.14.        I OBJECT to issuance because there is no authority to issue.

1.15.        I OBJECT to personal jurisdiction.

1.16.        I OBJECT to service.

1.17.        I OBJECT to dismissal where there are no claims. I object to voluntarily dismissal because there are no volunteers.  I object to consent because Chelsea Davis has not consented to anything.

1.18.        I OBJECT to"action" and "civil action" and "cause of action" and "claim" and "motion" in state court.

1.19.        I OBJECT to proceeding where there is an injunction in place against any and all proceeding.

1.20.        I OBJECT to Documents.

1.21.        I OBJECT to case assignment.

1.22.        I OBJECT to case reassignment.

1.23.        I OBJECT to stay for all purposes.

1.24.        I OBJECT to docket.

1.25.        I OBJECT to record.

1.26.      I OBJECT to exhibit.

1.27.      I OBJECT to filing and file and filed.

1.28.      I OBJECT to motion.

1.29.      I OBJECT to order.

1.30.      I OBJECT to capias.

1.31.      I OBJECT to consent to motion.

1.32.      I OBJECT to state court. I OBJECT to officers and personnel of state court.

1.33.      I OBJECT to certified copy.

1.34.      I OBJECT to incorporation by reference herein and attached.

1.35.      I OBJECT to an order of consolidation.

1.36.      I OBJECT to severance.

1.37.      I OBJECT TO lack of notice, hearing and opportunity to be heard.

1.38.      I OBJECT to an order to stay for all purposes.

Dated:  Nov. 26, 2014                    Respectfully,

                                         /s/Chelsea L. Davis
                                         Chelsea L. Davis
                                         TX Bar No. 24059652
                                         25 Highland Park Vlg., Ste. 100-830
                                         Dallas, TX 75205
                                         Telephone: (469) 426-5850
                                         Facsimile: (469) 533-0466
                                         cdavis@chelseadavispc.com


**ADDITIONAL COUNSEL 1.**      Lidji Dorey & Hooper
Brian M. Lidji
TX Bar No. 12329700
500 N. Akard, Suite 3500
Dallas, TX 75201
Direct 214-774-1220
Fax 214.774.1212

blidji@ldhlaw.com

    **ADDITIONAL COUNSEL 2.**    Goranson Bain PLLC
ANGELINE L. ("ANGIE") BAIN and Associates
8350 N. Central Expressway, Suite 1700
Dallas, TX 75206
PHONE: 214.373.7676
Fax: 214.373.9959
TX BAR NO. 01546650

    **ADDITIONAL COUNSEL 3.**    Gray Reed & McGraw P.C. (*and* Looper Reed & McGraw)
KEN STONE
TX BAR NO. 19296300
JAMIE RIBMAN
1601 Elm Street, Suite 4600
Dallas, TX 75201
T: 214.954.4135
F: 469.320.6878
kstone@grayreed.com
jribman@grayreed.com

    **ADDITIONAL COUNSEL 4.**    Jeff Hall
Jeff Hall
2200 Ross Avenue Suite 5350
Dallas, TX 75201
214-658-6513
jthallesq@gmail.com
TX BAR NO. 00787622

    **ADDITIONAL COUNSEL 5.**    FOX ROTHSCHILD LLP
DARRELL MINTER
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas. TX 75240-6215
Tel 214-231-5711 Fax 972.404.0516
DMinter@foxrothschild.com

    **ADDITIONAL COUNSEL 6.**    MILLER BROWN LLP
J. Robert Miller Jr.
TX Bar No. 14092500
rmiller@miller-brown.com
CHRISTY E. MADDEN
State Bar No. 90001629
cmadden@miller-brown.com
400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

**ADDITIONAL COUNSEL 7.**          Friedman & Feiger LLP
Lawrence J. Friedman
State Bar No. 07469300
Carlos Morales
State Bar No. 24025545
5301 Spring Valley, Suite 200
Dallas, Texas 75254
Telephone (972) 788-1400
FAX (972) 788-2667
lfriedman@fflawoffice.com

**ADDITIONAL COUNSEL 8.**          Gibson Dunn LLP
Veronica S. Lewis, SBN 24000092
vlewis@gibsondunn.com
William B. Dawson, SBN 05606300
wdawson@gibsondunn.com
Benjamin D. Williams, SBN 24072517
bwilliams@gibsondunn.com
Gibson Dunn LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Tel: +1 214.698.3100
Fax: +1 214.571.2900

**ADDITIONAL COUNSEL 9.**          Abernathy, Roeder, Boyd & Joplin, P.C.
Ross Wells
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069
Phone: (214) 544-4000
Fax: (214) 544-4040
rwells@abernathy-law.com

**ADDITIONAL COUNSEL 10.**          Figari & Davenport LLC
Don Colleluori
TX BAR NO. 04581950
A. Erin Dwyer
TX BAR NO. 06302700
3400 Bank of America Plaza
901 Main St Ste 3400
Dallas, TX  75202
Phone: 214-939-2007
FAX:  214-939-2090
don.colleluori@figdav.com
erin.dwyer@figdav.com

**ADDITIONAL COUNSEL 11.**          Herring & Irwin
CHARLES HERRING

cherring@herring-irwin.com
 **ADDITIONAL COUNSEL 12.** Clinesmith Wooten Smith
Dawn Smith
dawn@clinesmithwootensmith.com
 **ADDITIONAL COUNSEL 13.** Law Office of Chris Knox
Chris Knox
chrisknox@knoxcriminaldefense.com
900 Jackson St Ste 650
Dallas, TX  75202
Phone: 214-741-7474
 **ADDITIONAL COUNSEL 14.** Law Office of Nicole Knox

Nicole Knox
3131 McKinney Ave.
Ste. 800
Dallas, TX  75204
Phone: 214-740-9955
 **ADDITIONAL COUNSEL 15.** Law Office of Bill Knox
William T. "Bill" Knox
900 Jackson St Ste 650
Dallas, TX  75202
Phone: 214-522-0000
 **ADDITIONAL COUNSEL 16.** Baker Botts LLP
George Lamb
Calvin Roderick Phelan
2001 Ross Ave. Ste.
Dallas, TX 75201
Fax (214) 661-4659
george.lamb@bakerbotts.com
rod.phelan@bakerbotts.com
 **ADDITIONAL COUNSEL 17.** Trevor R. Jefferies
Arnold & Porter LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: +1 713-576-2403
Cell Phone: +1 713-530-8243
trevor.jefferies@aporter.com
ATTORNEY FOR JAMES CHANOS
 **ADDITIONAL COUNSEL 18.** Vanessa Griffith
Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel +1.214.220.7713
Fax +1.214.999.7713
E-mail vgriffith@velaw.com

ATTORNEY FOR CLINT CARLSON
**ADDITIONAL COUNSEL 19.**      Jamie McKey
Kendall Law Group
jmckey@kendalllawgroup.com
ATTORNEY FOR LEON COOPERMAN
**ADDITIONAL COUNSEL 20.**      Levi G. McCathern, II
McCathern, PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
214.741.2662 Office
214.741.4717 Fax
lmccathern@mccathernlaw.com
ATTORNEY FOR STEPHEN JONES
**ADDITIONAL COUNSEL 21.**      Lewis T. Stevens
TX24031366
131 East Exchange Ave., No. 204
Fort Worth, TX 76164
T-817-332-4466
F-817-332-4476
lstevens@lstevenslaw.com
ATTORNEY FOR CHAD BUSHAW
**ADDITIONAL COUNSEL 22.**      ROYCE WEST
Royce West
State Bar No. 21206800
320 South R.L. Thornton Freeway, Suite 300
Dallas, Texas 75203
Telephone 214.941.1881
FAX 214.941.1399


## <u>CERTIFICATE OF SERVICE</u>

I electronically submitted the foregoing document using the electronic case filing system. I hereby certify that I have served all counsel and/or pro se parties of record (or non-record) electronically by email or, as a pro-se party, on the date it is electronically docketed in the court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules of this Court (in the Northern and Eastern Districts of Texas), or otherwise, to the extent possible.


/s/Chelsea L. Davis
Chelsea L. Davis, *pro-se*
TX Bar No. 24059652
Mailing Address:
25 Highland Park Vlg., Ste. 100-830

27

Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com